NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARINDER SINGH,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　　Respondent. | No.　16-70957<br><br>Agency No. A205-934-863<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 4, 2019[**]
San Francisco, California

Before:　　PAEZ and COLLINS, Circuit Judges, and CHOE-GROVES,[***] Judge.

Barinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

and relief under the Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  Shrestha v. Holder, 590 F.3d 1034, 1039–40 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Singh's testimony, asylum declaration, and credible fear interview as to the circumstances surrounding the August 2012 incident of harm that Singh alleged.  See id. at 1048 (adverse credibility finding reasonable under the totality of the circumstances).  Substantial evidence also supports the agency's determination that Singh's corroborative evidence did not otherwise establish his eligibility for relief, and in fact undermined Singh's credibility.  See Garcia v. Holder, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim).  Singh's explanations do not compel a contrary conclusion.  See Lata v. INS, 204 F.3d 1241, 1245 (9th Cir. 2000).  Thus, in the absence of credible testimony, in this case, Singh's asylum and withholding of removal claims fail.  See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).

In his opening brief, Singh fails to substantively challenge the agency's

denial of CAT relief; thus, any challenge is waived. See Lopez-Vasquez v. Holder, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to consider Singh's contentions that any inconsistencies in Singh's testimony were caused by the use of a telephonic interpreter at Singh's merits hearing before the IJ, and that his due process rights were violated as a result. See Barron v. Ashcroft, 358 F.3d 674, 677–78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); see also Sola v. Holder, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (court lacks jurisdiction to address due process argument that was not raised below and that could have been addressed by the agency).

We reject as unsupported by the record Singh's contention that the IJ failed adequately to analyze Singh's withholding of removal claim.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**